**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAYED SAHADAT SADAT,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the<br>Department of Homeland Security, et. al.,<br><br>                              Respondents. | Case No.:  26-cv-0038-BJC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Sayed Sahadat Sadat, a citizen of Afghanistan, came to the United States on January 9, 2025, and was detained by Immigration and Customs Enforcement ("ICE") shortly thereafter. ECF No. 1 at 5. On August 29, 2025, an immigration judge ordered Petitioner removed to Afghanistan but also granted Petitioner withholding of removal to Afghanistan on the same day. *Id*. He remains detained at the Otay Mesa Detention Center. *Id*. Petitioner filed the instant Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 28, 2026, asserting his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8. U.S.C. § 1231, and ICE must provide him adequate notice and an opportunity to be heard before removing him to a third country. ECF No. 1. Respondents oppose the petition, arguing it is premature, Petitioner cannot show there is

1

no significant likelihood of removal in the reasonably foreseeable future, and the evidence does not support that he will be removed to a third country without adequate notice and an opportunity to be heard.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).[1]

The petition is not premature. The presumptively reasonable six-month period of detention discussed in *Zadvydas* is rebuttable. *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1093 (C.D. Cal. 2020) ("*Zadvydas* established a 'guide' for approaching detention challenges, not a categorical prohibition on claims challenging detention less than six months."); *see also Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (Collecting cases finding the six-month presumption is rebuttable.). The Court finds Petitioner demonstrates "that there is no significant likelihood of removal in the reasonably foreseeable future," and Respondents fail to rebut this showing. *Zadvydas*, 533 U.S. at 701. Petitioner has been in custody for over a year and has been subject to a final order of removal for nearly six months. He cannot be removed to his country of citizenship, he lacks immigration status in any other country, and he would be entitled to seek protection from removal to a third country. Additionally, ICE has taken steps to locate a third country to which Petitioner can be removed for the past five months, but has made no progress. According to Respondents, ICE's efforts to remove Petitioner

---

[1] Respondent argues, to the extent Petitioner is challenging ICE's decision to detain him for purposes of removal, the Court is without jurisdiction to the claim pursuant to 8. U.S.C. § 1252(g). Petitioner challenges the legality of his detention as unconstitutional not the decision to detain him for purposes of removal. As such, § 1252(g) does not divest the Court of jurisdiction.

26-cv-0038-BJC-BJW

began on September 12, 2025, when San Diego Enforcement and Removal Operation ("ERO") contacted ERO Removal and International Operations ("RIO") for assistance identifying a third country for removal.  ECF No. 16-1, Barrios Decl. ¶ 9.  ERO requested updates from RIO several times, and RIO responded once on November 28, 2025, advising that efforts to identify a third county "remain ongoing."  *Id*. ¶¶ 10, 11.  ERO requested an update most recently on January 2, 2026, but there is no indication RIO responded.  *Id*. ¶ 10.  Therefore, Petitioner is entitled to release under *Zadvydas*.

Moreover, due process supports Petitioner's request for injunctive relief related to ICE's policy regarding third country removals presented in the memo dated July 9, 2025.  ECF No. 15-1 at 28.  Several courts within the Ninth Circuit have held the policies provided in the ICE memo violate due process.  *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026); *Elshourbagy v. Bondi*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025); *Vishal v. Chestnut*, __ F.Supp.3d __, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *6 (C.D. Cal. Sept. 26, 2025).  This Court agrees.  The memo suggests removal to a third country may occur without an opportunity to be heard if the United States receives and believes diplomatic assurances that there will be no persecution or torture.  According to the Ninth Circuit, "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country."  *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016).  Additionally, when the third country does not provide such assurances, ERO "will not affirmatively ask whether the alien is afraid of being removed to that country."  However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum. . .and for

withholding of deportation to the country to which they will be deported violates" regulations and due process. *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (citing *Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)).

Based on the foregoing, the Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall immediately release Petitioner.

3. Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

4. Respondents are ENJOINED from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5. Respondents are ENJOINED from removing Petitioner to a third country unless they adhere to the following procedures:

a. provide written notice to Petitioner, in a language he can understand and to his counsel;

b. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;

c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;

d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  February 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge

JC-BJW